IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| COLTON JAMES SPATZ,<br><br>Plaintiff,<br><br>vs.<br><br>CASCADE COUNTY, CASCADE COUNTY DETENTION CENTER, SHERIFF BOB EDWARDS, COMMANDER DAN O'FALLEN, C/Os BENNETT, LIGHT, VANZOUT, TIBBETTS, GAMEON, WALTERS, and GRUNEWALD, and MEDICAL STAFF,<br><br>Defendants. | CV 18-00012-GF-BMM-JTJ<br><br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On April 17, 2018, this Court issued an Order requiring Plaintiff Colton Spatz to update his address within 60 days in compliance with Local Rule 5.2(b). (Doc. 9.)  Mr. Spatz has not filed a response to the Court's Order or a Notice of Change of Address as required by Local Rule 5.2(a).  Accordingly, this matter should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with the Court's April 17, 2018 Order and the Court's Local Rules.

The Court has the inherent power to sua sponte dismiss a case for lack of prosecution or failure to comply with a court order.  *Henderson v. Duncan*, 779

F.2d 1421, 1423 (9th Cir. 1986); *see also* Fed.R.Civ.P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).  However, dismissal is a harsh penalty and should be imposed as a sanction only in extreme circumstances.  *Henderson*, 779 F.2d at 1423.

The following factors must be considered before dismissal is imposed as a sanction for failure to prosecute or failure to comply with a court order:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.  *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002) (*citing Ferdik*, 963 F.2d at 1260-61).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Without an ability to communicate with Mr. Spatz, this matter could linger indefinitely.  This factor weighs in favor of dismissal.

For much the same reasons, the second factor supports dismissal. The Ninth Circuit has noted that "[i]t is incumbent upon us to preserve the district courts' power to manage their docket without being subject to the endless vexatious noncompliance of litigants. . . ." *Ferdik*, 963 F.2d at 1261.  "The trial judge is in

2

the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d 639 (*citing Yourish*, 191 F.3d 983). The Court must be able to manage its docket. It cannot do so if there is no way to communicate with Mr. Spatz. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to Defendants. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987). Mr. Spatz's refusal to update his address makes prejudice a foregone conclusion. The longer this matter sits, the more prejudice to Defendants.

The Court has considered the possibility of and provided less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to a dismissal should be considered, the court is not required to exhaust all such alternatives prior to dismissal. *Id*. Mr. Spatz was advised on numerous occasions of the requirement of keeping the Court

and opposing counsel apprised of his current address and the consequences of

failing to do so.  *See* Notice of Case Opening (Doc. 3 at 2); February 27, 2018

Order (Doc. 4 at 9); April 17, 2018 Order to Update Address (Doc. 9).  He was

given an opportunity to notify the Court of his new address but has not done so.

Given Mr. Spatz's refusal to keep his address updated, the Court can envision no

further alternatives to dismissal.

The last factor weighs against dismissal of the Complaint because public

policy favors the disposition of cases on their merits.  *Pagtalunan*, 291 F.3d 639

(*citing Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).  Since

the other four factors weigh in favor of dismissal, however, dismissal is an

appropriate sanction.

Based upon the foregoing the Court issues the following:

### RECOMMENDATIONS

1.  This matter should be dismissed pursuant to Rule 41(b) of the Federal

Rules of Civil Procedure.  The Clerk of Court should be directed to close this

matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil

Procedure.

2.  The Clerk of Court should be directed to have the docket reflect that the

Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate

Procedure that any appeal of this decision would not be taken in good faith.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 18th day of July, 2018.


       /s/ John Johnston
       John Johnston
       United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Spatz is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.